# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD D. HILL,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 18-185-RAW-SPS |
| **JONATHAN COBB, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

On October 7, 2021, the Clerk of Court granted Plaintiff's motion for entry of default against Defendants Jonathan Cobb, Chase Harley, and Brandon Schmidt (Dkt. 44), and on October 28, 2021, the Court directed Plaintiff to submit by November 17, 2021, evidence of his damages in support of default judgment (Dkt. 45). Plaintiff was cautioned that failure to submit the requested evidence could result in dismissal of the action without further notice. *Id.* Because Plaintiff failed to comply with the Court's Order, the action was dismissed without prejudice on November 30, 2021 (Dkt. 46), and judgment was entered on that same date (Dkt. 47). *See* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to prosecute or comply with an order of the Court).

On December 28, 2021, Plaintiff's counsel entered an appearance (Dkt. 48) and filed a motion to alter or amend judgment or to reconsider (Dkt. 49). Plaintiff asserts through counsel that he is seeking relief pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60. *Id.* at 2. Rule 59(e) provides that a district court may alter or amend a judgment on a motion filed within 28 days of entry of the judgment. Because Plaintiff's motion was filed within 28 days after entry of the judgment, the Court construes the motion as arising under Rule 59(e).

The Court may reconsider a final decision if the moving party shows "(1) an

intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Granting a motion to alter or amend is an "extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)).

Plaintiff alleges good cause exists for his failure to comply with the Court's Order, because he was corresponding with counsel regarding representation in this matter, and counsel was awaiting the evidence at issue from Plaintiff (Dkt. 49 at 1-2). Counsel, however, did not receive any documentation of damages or other communication from Plaintiff before the Court's deadline for submitting the evidence. *Id.* at 2. In mid-December 2021 Plaintiff allegedly notified counsel that he had been hospitalized in late November, which prevented him from providing the required evidence to the Court or to counsel. *Id*. Counsel has attached to his motion copies of alleged medical documents to prove Plaintiff was hospitalized (Dkt. 49-1). The documents, which appear to be copies of identification bracelets, indicate Plaintiff was admitted to an unspecified facility on November 26, 2021, *after* the November 17, 2021, deadline for submitting the evidence.

After careful review, the Court finds Plaintiff has not shown an intervening change in the applicable law, previously unavailable new evidence, or a need to correct clear error or to prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d at 1012.

He, therefore, has failed to meet the requirements for relief under Fed. R. Civ. P. 59(e).

**ACCORDINGLY,** Plaintiff's motion to alter or amend judgment or to reconsider (Dkt. 49) is **DENIED**.

**IT IS SO ORDERED** this 7TH day of January 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE